1

2

3

4

5

6

7              IN THE UNITED STATES DISTRICT COURT

8           FOR THE EASTERN DISTRICT OF CALIFORNIA

9    MAXIMILIANO MENDEZ,

10              Plaintiff,              No. CIV S-06-2184 FCD KJM P

11       vs.

12   DR. JOSEPH BICK, et al.,

13              Defendants.             ORDER

14   _____/

15              Plaintiff is a state prison inmate proceeding pro se with a civil rights action under

16   42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C.

17   § 1915.  This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C.

18   § 636(b)(1).

19              Plaintiff has submitted a declaration that makes the showing required by 28

20   U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

21              Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28

22   U.S.C. §§ 1914(a), 1915(b)(1).  Plaintiff has been without funds for six months and is currently

23   without funds.  Accordingly, the court will not assess an initial partial filing fee.  28 U.S.C.

24   § 1915(b)(1). Plaintiff is obligated to make monthly payments of twenty percent of the

25   preceding month's income credited to plaintiff's prison trust account.  These payments shall be

26   collected and forwarded by the appropriate agency to the Clerk of the Court each time the

1

1  amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C.

2  § 1915(b)(2).

3          The court is required to screen complaints brought by prisoners seeking relief

4  against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

5  § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

6  claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may

7  be granted, or that seek monetary relief from a defendant who is immune from such relief.  28

8  U.S.C. § 1915A(b)(1),(2).

9          A claim is legally frivolous when it lacks an arguable basis either in law or in

10  fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-

11  28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

12  indisputably meritless legal theory or where the factual contentions are clearly baseless.

13  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however

14  inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d

15  639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

16          A complaint, or portion thereof, should only be dismissed for failure to state a

17  claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set

18  of facts in support of the claim or claims that would entitle him to relief.  Hishon v. King &

19  Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer

20  v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a

21  complaint under this standard, the court must accept as true the allegations of the complaint in

22  question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the

23  pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor,

24  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

25          Plaintiff alleges that unnamed correctional officers confiscated pens sent to him

26  by his wife, which made it difficult for him to file papers in a then-pending federal law suit.  The

1   officer then would single him out for searches, asking how the lawsuit was going.  Another

2   unnamed officer told inmates he had been an informant; he told Lieutenant Kett that other

3   inmates and gang members wanted to kill him so he needed to be in protective custody.  His wife

4   called the unnamed supervising counselor about the threats, but before plaintiff was put in

5   protective custody, he was stabbed.  After he had been in protective custody for awhile, he was

6   taken to a classification committee and placed back in population after the chair of the committee

7   said he did not like "that federal stuff."  He was not placed on a sensitive needs yards because he

8   has AIDS; unnamed prison doctors do not treat his AIDS.  Dr. Bick took away his cane and in

9   fact stepped on plaintiff's hand when he took it away.  Inmates attempt to assault him when he

10  goes to the library.  He has been deprived of his legal property by unnamed prison officials.  He

11  had problems with his eyes because of the AIDS virus.  Dr. Pia[1] discontinued medications which

12  helped his deteriorating vision; ophthalmologist Dr. Crappota refused him medical treatment

13  because of his ethnicity and because he was going to die anyway from the AIDS virus.  He

14  eventually had surgery on his left eye, but Dr. Pia refused to give him the follow-up pain

15  medication.  The level of medical care has deteriorated after Dr. Bick learned INS had a hold on

16  plaintiff.  M. Cry, the appeals coordinator, denied several appeals concerning the medical

17  treatment for his left eye.

18          Plaintiff concedes that he has not exhausted his administrative remedies as to his

19  claims about protective custody and confiscation of property.  Complaint at 4, 26.  A prisoner's

20  concession of failure to exhaust is a proper basis for dismissal.  Wyatt v. Terhune, 315 F.3d

21  1108, 1119 (9th Cir), cert. denied sub nom. Alameida v. Terhune, 540 U.S. 810 (2003).

22          The allegations against defendants Bick, Pia, Crappotta and Cry were the subject

23  of another case in this court, Mendez v. Dr. Crappotta, et al.  In that case, the defendants brought

24  a motion to dismiss for failure to exhaust administrative remedies, supporting it with exhibits

25

26          [1] Plaintiff also spells this defendant's name as Pai.

1   showing that plaintiff has pursued a single grievance through the director's level; this grievance

2   concerned his retention in administrative segregation and was filed after the complaint in

3   Mendez v. Crappotta.  See Civ. S-04-2447 LKK DAD P, 12/05/05 Findings and

4   Recommendations at 5.[2]  As the Magistrate Judge in that case noted, plaintiff was given five

5   months to provide evidence rebutting defendants' showing, but failed to do so, claiming that his

6   attorney had copies of all the appeals.  Id.  In the current complaint, he asserts that the appeals

7   are in his legal property, which has been confiscated; he says nothing about his attorney having

8   the documents.

9          As exhibits to his objections in  Mendez v. Crappotta, plaintiff attached a number

10  of grievances, often with no relation to the allegations of the complaint; he had taken none of

11  them to the Director's Level.  Accordingly, this court also finds that the portions of plaintiff's

12  complaint regarding defendants Bick, Crapotta, Pia and Cry have not been exhausted.

13         It is unclear whether plaintiff has exhausted his claim that he has been put in

14  danger because an unnamed correctional officer has told other inmates that he had worked as an

15  informant.  While this claim may state an Eighth Amendment violation, plaintiff has not named

16  the person he alleges is responsible for putting him in danger.  He will be given leave to amend

17  only this portion of the complaint; any amended complaint must be no longer than ten pages.

18         In addition, plaintiff has filed a motion for the appointment of counsel and a

19  motion for injunctive relief.

20         The United States Supreme Court has ruled that district courts lack authority to

21  require counsel to represent indigent prisoners in § 1983 cases.  Mallard v. United States Dist.

22  Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the court may request the

23  voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d

24  1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  In

25

26         [2] The court may take judicial notice of its own files and records.  United States v.
    Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

1 the present case, the court does not find the required exceptional circumstances.  Plaintiff's

2 motion will be denied.

3         Finally, because the complaint is being dismissed, there is no underlying action to

4 form a basis for the requested injunctive relief.  This motion will be denied without prejudice.

5         In accordance with the above, IT IS HEREBY ORDERED that:

6         1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

7         2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

8 The fee shall be collected and paid in accordance with this court's order to the Director of the

9 California Department of Corrections and Rehabilitation filed concurrently herewith.

10         3.  Plaintiff's complaint is dismissed.

11         4.  Plaintiff is granted thirty days from the date of service of this order to file an

12 amended complaint that complies with the requirements of the Civil Rights Act, the Federal

13 Rules of Civil Procedure, and the Local Rules of Practice and the limitations of this order; the

14 amended complaint must bear the docket number assigned this case and must be labeled

15 "Amended Complaint"; plaintiff must file an original and two copies of the amended complaint;

16 failure to file an amended complaint in accordance with this order will result in a

17 recommendation that this action be dismissed.

18         5.  The Clerk of Court is directed to send plaintiff the form for use in filing civil

19 rights actions in this district.

20         6.  Plaintiff's October 3, 2006 motion for the appointment of counsel is denied.

21         7.  Plaintiff's October 3, 2006 request for injunctive relief is denied without

22 prejudice.

23 DATED:  March 6, 2007.

24 _____
   U.S. MAGISTRATE JUDGE

25

26
2
mend2184.14a

5